IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) STEPHEN R. KITCHELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>(2) OSF OKLAHOMA, INC., a foreign corporation,<br><br>(3) GINA L. PITTS, an individual,<br><br>Defendants. | Case No. 15-CV-720-JHP-PJC |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. No. 10) and Defendant OSF Oklahoma, Inc.'s Response (Doc. No. 14). For the reasons detailed below, Plaintiffs' Motion for Remand is **GRANTED**.

Plaintiff, an Oklahoma resident, filed his Petition in the District Court of Tulsa County, Oklahoma, on October 23, 2014, against Outback Steakhouse and Gina L. Pitts. (Doc. No. 2, Ex. 1). On December 3, 2014, Plaintiff filed a First Amended Petition, in which he properly named Outback Steakhouse as OSF Oklahoma, Inc. ("OSF"), a foreign corporation. (Doc. No. 2, Ex. 6). On December 2, 2015, OSF learned via deposition that Gina Pitts was a resident of Arkansas. (*See* Doc. No. 2 (Notice of Removal), ¶ 3). On December 18, 2015, OSF removed this action to this Court pursuant to 28 U.S.C. § 1441. In the Notice of Removal (Doc. 2), OSF asserts this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

On January 18, 2016, Plaintiff filed this motion seeking remand to the Tulsa County District Court because OSF's Notice of Removal was untimely under 28 U.S.C. § 1446(c)(1).

1

On February 22, 2016, OSF filed a response admitting that the case should be remanded to state court. (Doc. No. 14). The Court also agrees removal is time-barred. Under 28 U.S.C. § 1446(c)(1), a case may not be removed under these circumstances based on the diversity statute "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Here, no bad faith is alleged, and it is clear OSF filed its Notice of Removal well over one year past the commencement of this action on October 23, 2014. Accordingly, remand is required under 28 U.S.C. § 1447(c).

The only remaining issue is Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c). On this point, OSF states that Plaintiff's counsel agreed not to pursue the request for fees and costs if OSF agreed to remand this action. (Doc. No. 14, at 2). Given this agreement between the parties, the Court will not impose fees. Accordingly, Plaintiff's request for fees and costs is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (Doc. No. 10) is **GRANTED.** Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

*(signature)*
James H. Payne
United States District Judge
Northern District of Oklahoma